UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luis Antonio Manturano Cochachi (A-Number: A-221-493-674),<br><br>Petitioner,<br><br>v.<br><br>Warden, California City Correctional Center; Field Office Director, ICE Los Angeles Field Office; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; Merrick Garland, United States Attorney General,<br><br>Respondents. | No.  1:26-cv-03174-KES-SAB (HC)<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND REQUIRING BOND HEARING WITHIN SEVEN DAYS<br><br>Doc. 2 |

Before the Court is petitioner Luis Antonio Manturano Cochachi's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 4.  The Court also ordered respondents to state their position on whether the motion should

1

be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."[1] *See* Doc. 7 at 1. While respondents oppose the motion, they do not raise any new arguments.[2] *See id.* at 1–2.[3] They also do not object to converting the motion. *See id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner Luis Antonio Manturano Cochachi (A-Number: A-221-493-674) with a bond hearing before a neutral arbiter pursuant to section 1226(a)

---

[1] The Form I-213 attached to respondents' opposition alleges that petitioner was convicted of various traffic-related misdemeanors and infractions. *See* Doc. 7-1 at 2–3. Respondents do not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c). While these misdemeanor offenses may be relevant to an immigration judge's determination at a bond hearing, they do not eliminate petitioner's statutory right to such a hearing.

[2] Respondents cite to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)), and *Avila v. Bondi*, --- F.4th ---, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) (finding that petitioner was subject to detention under § 1225(b)(2)(A)). Doc. 7 at 2. The Court finds the analysis in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)), and in the dissents in *Buenrostro-Mendez* and *Avila*, more persuasive on the statutory interpretation issue.

[3] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 7 at 2. Given the nature of the relief sought by petitioner, the Court declines to defer a ruling on petitioner's motion for preliminary relief. The magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

and its implementing regulations within seven (7) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.

Petitioner is hereby notified that this case will remain ongoing even if he is released following the bond hearing, and all further filings in this case will only be mailed to his address of record, which is currently the California City Detention Center. Upon any change of address, petitioner must file a notice of change of address to update his address, by mailing that notice to the Clerk of Court at 2500 Tulare Street, Fresno, California 93721.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:   April 28, 2026

UNITED STATES DISTRICT JUDGE